UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00263-GMN-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| JAVIER ENCINAS, | |
| Defendant. | |

**I.   Background**

Pending before the Court is Defendant Javier Anthony Encinas' Motion for Temporary Release to Attend the Birth of his Child.  ECF No. 15.  Defendant contends that under 18 U.S.C. § 3142(i) the Court should grant his Motion because it would be a "privilege to be present at the birth of his first child with his fiancé, both of whom he will not see for a while" once he commences serving his sentence.  *Id*. at 3.  Defendant argues this constitutes a compelling reason justifying his temporary release.  *Id*.  Defendant states he can be "released into the custody of his fiancé" (the woman giving birth) or his mother, Jania Encinas.  *Id*.  Defendant argues this would provide "the Court with a measure of security regarding Mr. Encinas' future appearance and the safety of the community."  *Id*. at 3-4.  Defendant says his release would last no more than two days.  *Id*. at 4.

The government responds to Defendant's Motion providing information regarding Defendant's criminal history including a 2017 conviction in Case No. 2:16-cr-261-RJC-GWF for which he was sentenced to two custodial 18-month concurrent terms followed by three years of supervised release; a September 2021 indictment for felon in possession of a firearm in Case No. 2:21-cr-262-APG-EJY; and, a September 2021 misdemeanor charge relating to Defendant's possession of a controlled substance on federal land in Case No. 21-cr-263-GMN-EJY.

Further, the government argues Defendant was detained on September 21, 2021 at the conclusion of his initial appearance on revocation of supervised release upon a finding that he posed "a serious risk" of nonappearance and danger to the community.  Case No. 2:16-cr-261, ECF No.

59. Defendant argued at that hearing for release so that he could be involved with his fiancé's pregnancy and attend a gender reveal party; however, both arguments were rejected by the Court.

The government provides the Court with Defendant's Presentence Investigative Report for Case No. 2:16-cv-261 in which Defendant's three prior failures to appear are noted. ECF No. 18-1 at 8 ¶ 43; 9 ¶ 45; 10 ¶ 46. The government points the Court to ECF No. 44 in Case No. 2:16-cr-261, an August 12, 2020 warrant to revoke Defendant's supervised release in which many failures to comply with the terms of such release are described. The government explains the delay between the August 2020 warrant and the September 2021 initial appearance on revocation for violations of federal supervised release occurred because, after Defendant bonded out of his state court proceeding, he absconded from supervision. ECF No. 17 at 2, n.2.

The government discusses that Defendant has pleaded and been adjudged guilty in Case No. 21-cr-262. ECF No. 22. For this reason, the temporary release standard in 18 U.S.C. § 3142(i) no longer applies in that case. Instead, 18 U.S.C. § 3142(a) applies. Section 3143(a) requires Defendant be detained "unless the judicial officer finds by clear and convincing evidence that … [he] is not likely to flee or pose a danger to the safety of any person or the community …."

Defendant's Reply (ECF No. 27) argues the hardship detention places on detainees and their families; that "nothing is more important or compelling" to Defendant than welcoming his first child into the world; and that he seeks release for 48 hours or however long his fiancé's labor lasts so that he may "hold her hand through the process and hold his new born child in his arms." *Id.* at 2.

**II.     Discussion**

Under 18 U.S.C. § 3142(i) a judicial officer may "permit the temporary release of the person, in the custody of a U.S. Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason." The defendant bears the burden of establishing circumstances warranting temporary release. *United States v. Clark*, 448 F.Supp.3d 1152, 1154-56 (D. Kan. Mar. 25, 2020); *see also United States v. Buswell*, Case No. 11-cr-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013) (collecting cases).

1        Courts considering a motion for temporary release under § 3142(i) are often evaluating the defendant's need to assist with preparation of his/her defense.  *Clark*, 448 F.Supp.3d at 1154–56; *United States v. Cecrle*, Case No. 2:12-cr-400-JAD-GWF, 2014 WL 31674, at *4 (D. Nev. Jan. 3, 2014); *Buswell*, 2013 WL 210899, at *5; *United States v. Dupree*, 833 F.Supp. 2d 241, 247 (E.D. N.Y. 2011); *United States v. Jeffries*, Case No. 3:10-cr-100, 2011 WL 182867, at *4 (E.D. Tenn. Jan. 20, 2011); *United States v. Hazelwood*, Case No. 1:10-cr-150, 2011 WL 680178, at *3 (N.D. Ohio Feb. 16, 2011).  The Court found no authority in the District of Nevada (or elsewhere) supporting a finding that the birth of a child, even a first child, is compelling.

        Further, it is fair to say that the vast majority of defendants seeking temporary release under § 3142(i) argued for release at an initial hearing before a judicial officer who found pretrial detention warranted because no condition or combination of conditions would reasonably assure the defendant's future appearance as required and/or ameliorate his/her danger to the community.  *Clark*, 448 F.Supp.3d at 1157.  For this reason, the Court may take into consideration whether Defendant presents such compelling reasons that effectively override or at least sufficiently counterbalance the findings that originally justified his pretrial detention.  *Id.*

        Here, the Court rejects the suggestion that Defendant can be released to the woman giving birth.  Defendant's fiancé will have no capacity to supervise or otherwise ensure Defendant is compliant with any conditions the Court could impose while she is in labor or immediately following the birth of the baby.  Further, Defendant provides no information about his mother either in his moving papers or reply.  Defendant does not describe how she would be able to successfully supervise him for the period of his release.  Defendant also provides no information regarding where and with whom he would reside if released from custody.  Defendant does not address his prior failures to appear or absconder status, and gives no reason, other than a heartfelt desire to be present at the birth of a child, warranting release.  The Court does not discount that the birth of any baby is a momentous occasion or that Defendant would genuinely like to be present when his child is born.  The Court does not doubt Defendant's fiancé's desire to have Defendant present.  However, neither of these desires are compelling reasons for temporary release.  As one court explained, a compelling reason is a necessary reason.  *United Stated v. Thorne*, Case No. 18-389 (BAH), 2020 WL 1984262,

3

at *2 (Dist. Col. D.C. Apr. 27, 2020) (internal citations omitted).  *See also United States v. Frazer*, Case No. 19-110, 2020 WL 240893, at *3 (E.D. Pa. May 12, 2020) ("a court must balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention") (internal citation and quote marks omitted); *United States v. Chambers*, Case No. 20-cr-135 (JMF), 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020) ("In considering whether there is a 'compelling reason' for a defendant's release under [§ 3142(i)] ... a court must balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention.").

Defendant presents no basis upon which the Court may conclude his presence at the birth of his child is necessary or that the reasons sought for release outweigh the risks previously identified by the Court that lead to his detention.  In sum, after considering all arguments and information presented by Defendant and the government, as well as noting that Defendant was detained by two judicial officers in this district despite his fiancé's pregnancy, the Court finds Defendant has not met his burden of demonstrating a compelling reason for temporary release.

### III.     Order

Accordingly, IT IS HEREBY ORDERED that Defendant Javier Anthony Encinas' Motion for Temporary Release to Attend the Birth of his Child (ECF No. 15) is DENIED.

Dated this 18th day of February, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE